ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 9 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRAYWIRE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| CIENA CORP., ) | NO. 1:08-CV-1894 |
| CISCO SYSTEMS, INC., ) | BBM |
| JDS UNIPHASE CORP., ) | |
| NEWPORT CORP., and ) | JURY TRIAL DEMANDED |
| PALOMAR TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

GRAYWIRE, LLC ("Graywire" or "Plaintiff"), plaintiff in the above-

captioned matter, makes and files this Complaint against defendants CIENA

CORP. ("Ciena"); CISCO SYSTEMS, INC. ("Cisco"); JDS UNIPHASE CORP.

("JDS Uniphase"); NEWPORT CORP. ("Newport"); and PALOMAR

TECHNOLOGIES, INC. ("Palomar") and in support thereof respectfully shows

the Court as follows:

## NATURE AND BASIS OF ACTION

1.     This is an action in which Graywire asserts against defendants Ciena, Cisco, JDS Uniphase, Newport, and Palomar claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq. Graywire seeks monetary damages and permanent injunctive relief against Ciena, Cisco, JDS Uniphase, Newport, and Palomar.

## PARTIES

2.     Plaintiff is a Georgia limited liability company, having its principal place of business at 4425 Mariners Ridge, Alpharetta, Georgia 30005.

3.     On information and belief, defendant Ciena is a Delaware corporation, having its principal place of business at 1201 Winterson Road, Linthicum, Maryland 21090.

4.     On information and belief, Cisco is a California corporation, having its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

5.     On information and belief, defendant JDS Uniphase is a Delaware corporation, having its principal place of business at 430 North McCarthy Boulevard, Milpitas, California 95035.

-2-

6.     On information and belief, defendant Newport is a Nevada corporation, having its principal place of business at 1791 Deere Avenue, Irvine, California 92606.

7.     On information and belief, defendant Palomar is a Delaware corporation, having its principal place of business at 2728 Loker Avenue West, Carlsbad, California 92010.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

9.     Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400.

10.     On information and belief, defendant Ciena has transacted business within this judicial district, has committed tortious acts within this judicial district, has committed tortious injury to Graywire in this judicial district, regularly does or solicits business in this judicial district, derives substantial revenue from goods used or consumed or services rendered in this judicial district, engages in other persistent courses of conduct in this judicial district, and is subject to the jurisdiction of this Court.

11.     On information and belief, defendant Cisco has transacted business within this judicial district, has committed tortious acts within this judicial district,

-3-

has committed tortious injury to Graywire in this judicial district, regularly does or solicits business in this judicial district, derives substantial revenue from goods used or consumed or services rendered in this judicial district, engages in other persistent courses of conduct in this judicial district, and is subject to the jurisdiction of this Court.

12.   On information and belief, defendant JDS Uniphase has transacted business within this judicial district, has committed tortious acts within this judicial district, has committed tortious injury to Graywire in this judicial district, regularly does or solicits business in this judicial district, derives substantial revenue from goods used or consumed or services rendered in this judicial district, engages in other persistent courses of conduct in this judicial district, and is subject to the jurisdiction of this Court.

13.   On information and belief, defendant Newport has transacted business within this judicial district, has committed tortious acts within this judicial district, has committed tortious injury to Graywire in this judicial district, regularly does or solicits business in this judicial district, derives substantial revenue from goods used or consumed or services rendered in this judicial district, engages in other persistent courses of conduct in this judicial district, and is subject to the jurisdiction of this Court.

14.     On information and belief, defendant Palomar has transacted business within this judicial district, has committed tortious acts within this judicial district, has committed tortious injury to Graywire in this judicial district, regularly does or solicits business in this judicial district, derives substantial revenue from goods used or consumed or services rendered in this judicial district, engages in other persistent courses of conduct in this judicial district, and is subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

### U.S. Patent No. 6,542,673

15.     On April 1, 2003, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,542,673 ("the '673 Patent"), entitled "Identifier System and Components for Optical Assemblies" to inventors Dwight J. Holter and Michael L. Wach.  A true and correct copy of the '673 Patent is attached hereto as Exhibit A.

16.     The '673 Patent is currently in full force and effect.

17.     All right, title, and interest in and to the '673 Patent have been assigned to Graywire, which is the sole owner of the '673 Patent.

18.     The '673 Patent contains thirty-four claims generally directed to methods and systems for optical wave guide identification and alignment.

-5-

19.     In accordance with 35 U.S.C. § 282, the '673 Patent, and each and every claim thereof, is presumed to be valid.

### U.S. Patent No. 6,542,660

20.     On April 1, 2003, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,542,660 ("the '660 Patent"), entitled "Method and System for Increasing a Number of Information Channels Carried by Optical Waveguides" to inventors Michael W. Medin and Michael L. Wach. A true and correct copy of the '660 Patent is attached hereto as Exhibit B.

21.     The '660 Patent is currently in full force and effect.

22.     All right, title, and interest in and to the '660 Patent have been assigned to Graywire, which is the sole owner of the '660 Patent.

23.     The '660 Patent contains twenty claims generally directed to methods and systems for optical add/drop multiplexing.

24.     In accordance with 35 U.S.C. § 282, the '660 Patent, and each and every claim thereof, is presumed to be valid.

### U.S. Patent No. 6,415,082

25.     On July 2, 2002, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,415,082 ("the '082 Patent"),

-6-

entitled "Optical Networking Assembly" to inventor Michael L. Wach. A true and correct copy of the '082 Patent is attached hereto as Exhibit C.

26.     The '082 Patent is currently in full force and effect.

27.     All right, title, and interest in and to the '082 Patent have been assigned to Graywire, which is the sole owner of the '082 Patent.

28.     The '082 Patent contains thirty-four claims generally directed to cross-connect waveguide systems and methods for adding and dropping light energy with multiple information contents.

29.     In accordance with 35 U.S.C. § 282, the '082 Patent, and each and every claim thereof, is presumed to be valid.

## DEFENDANTS' CONDUCT

30.     On information and belief, Ciena makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to wavelength division multiplexing (WDM) transmitters such as No. 130-0109-200 REV. 007, that include and/or practice one or more of the inventions claimed in the '673 Patent.

31.     On information and belief, Cisco makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not

limited to Cisco Optical Networking System (ONS) 15454, that include and/or practice one or more of the inventions claimed in the '660 Patent.

32.     On information and belief, JDS Uniphase makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to $LiNbO_2$ modulators, such as No. 10020546, for wavelength division multiplexing (WDM) transmitters, that include and/or practice one or more of the inventions claimed in the '673 Patent.

33.     On information and belief, JDS Uniphase makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to Tunable Transmission Modules in conjunction with PLC ROADM technology in an Agile Optical Network, such as No. 7100 Tunable Transponder and 32 and 40 channel PLC ROADM modules, that include and/or practice one or more of the inventions claimed in the '660 Patent.

34.     On information and belief, JDS Uniphase makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to Integrated PLC Reconfigurable Optical Add/Drop Multiplexer (ROADM), such as the ROADM Express Path, ROADM Add Path, and DEMUX-T, that include and/or practice one or more of the inventions claimed in the '082 Patent.

35.     On information and belief, Newport makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to assembly work cells, that include and/or practice one or more of the inventions claimed in the '673 Patent.

36.     On information and belief, Palomar makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to component placement work cells, that include and/or practice one or more of the inventions claimed in the '673 Patent.

## COUNT ONE – CIENA'S INFRINGEMENT OF THE '673 PATENT UNDER 35 U.S.C. § 271

37.     Graywire repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

38.     On information and belief, Ciena has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '673 Patent, all in violation of 35 U.S.C. §§ 271(a), (b), and/or (c).

39.     Ciena's acts of making, using, offering for sale, and selling products and/or services that use, include, and/or practice one or more of the inventions

claimed in the '673 Patent have been without the permission, consent, authorization, or license of Graywire.

40.  As a result of Ciena's infringing acts, Graywire has been and continues to be damaged in its business and property, and thus Graywire is entitled to recover damages for Ciena's infringing acts, which in no event can be less than a reasonable royalty.

41.  On information and belief, Ciena's infringing acts are, have been, and continue to be willful, with knowledge of the '673 Patent, and in willful, wanton, and deliberate disregard thereof.

42.  As a result of Ciena's infringing acts, Graywire has been and continues to be irreparably injured unless and until Ciena's continuing acts are restrained and enjoined by this Court, and Graywire has no adequate remedy at law.

43.  Graywire is entitled to injunctive relief enjoining and restraining Ciena, its officers, agents, servants, and employees, acting jointly or severally, and all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '673 Patent.

-10-

## COUNT TWO – JDS UNIPHASE'S INFRINGEMENT OF THE '673 PATENT UNDER 35 U.S.C. § 271

44.     Graywire repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

45.     On information and belief, JDS Uniphase has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '673 Patent, all in violation of 35 U.S.C. §§ 271(a), (b), and/or (c).

46.     JDS Uniphase's acts of making, using, offering for sale, and selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '673 Patent have been without the permission, consent, authorization, or license of Graywire.

47.     As a result of JDS Uniphase's infringing acts, Graywire has been and continues to be damaged in its business and property, and thus Graywire is entitled to recover damages for JDS Uniphase's infringing acts, which in no event can be less than a reasonable royalty.

48.     On information and belief, JDS Uniphase's infringing acts are, have been, and continue to be willful, with knowledge of the '673 Patent, and in willful, wanton, and deliberate disregard thereof.

-11-

49.   As a result of JDS Uniphase's infringing acts, Graywire has been and continues to be irreparably injured unless and until JDS Uniphase's continuing acts are restrained and enjoined by this Court, and Graywire has no adequate remedy at law.

50.   Graywire is entitled to injunctive relief enjoining and restraining JDS Uniphase, its officers, agents, servants, and employees, acting jointly or severally, and all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '673 Patent.

COUNT THREE – NEWPORT'S INFRINGEMENT
OF THE '673 PATENT UNDER 35 U.S.C. § 271

51.   Graywire repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

52.   On information and belief, Newport has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '673 Patent, all in violation of 35 U.S.C. §§ 271(a), (b), and/or (c).

53.   Newport's acts of making, using, offering for sale, and selling products and/or services that use, include, and/or practice one or more of the

inventions claimed in the '673 Patent have been without the permission, consent, authorization, or license of Graywire.

54.     As a result of Newport's infringing acts, Graywire has been and continues to be damaged in its business and property, and thus Graywire is entitled to recover damages for Newport's infringing acts, which in no event can be less than a reasonable royalty.

55.     As a result of Newport's infringing acts, Graywire has been and continues to be irreparably injured unless and until Newport's continuing acts are restrained and enjoined by this Court, and Graywire has no adequate remedy at law.

56.     Graywire is entitled to injunctive relief enjoining and restraining Newport, its officers, agents, servants, and employees, acting jointly or severally, and all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '673 Patent.

COUNT FOUR – PALOMAR'S INFRINGEMENT
OF THE '673 PATENT UNDER 35 U.S.C. § 271

57.     Graywire repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

-13-

58.    On information and belief, Palomar has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '673 Patent, all in violation of 35 U.S.C. §§ 271(a), (b), and/or (c).

59.    Palomar's acts of making, using, offering for sale, and selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '673 Patent have been without the permission, consent, authorization, or license of Graywire.

60.    As a result of Palomar's infringing acts, Graywire has been and continues to be damaged in its business and property, and thus Graywire is entitled to recover damages for Palomar's infringing acts, which in no event can be less than a reasonable royalty.

61.    As a result of Palomar's infringing acts, Graywire has been and continues to be irreparably injured unless and until Palomar's continuing acts are restrained and enjoined by this Court, and Graywire has no adequate remedy at law.

62.    Graywire is entitled to injunctive relief enjoining and restraining Palomar, its officers, agents, servants, and employees, acting jointly or severally,

-14-

and all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '673 Patent.

## COUNT FIVE – CISCO'S INFRINGEMENT OF THE '660 PATENT UNDER 35 U.S.C. § 271

63.    Graywire repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

64.    On information and belief, Cisco has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '660 Patent, all in violation of 35 U.S.C. §§ 271(a), (b), and/or (c).

65.    Cisco's acts of making, using, offering for sale, and selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '660 Patent have been without the permission, consent, authorization, or license of Graywire.

66.    As a result of Cisco's infringing acts, Graywire has been and continues to be damaged in its business and property, and thus Graywire is entitled to recover damages for Cisco's infringing acts, which in no event can be less than a reasonable royalty.

-15-

67.     On information and belief, Cisco's infringing acts are, have been, and continue to be willful, with knowledge of the '660 Patent, and in willful, wanton, and deliberate disregard thereof.

68.     As a result of Cisco's infringing acts, Graywire has been and continues to be irreparably injured unless and until Cisco's continuing acts are restrained and enjoined by this Court, and Graywire has no adequate remedy at law.

69.     Graywire is entitled to injunctive relief enjoining and restraining Cisco, its officers, agents, servants, and employees, acting jointly or severally, and all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '660 Patent.

COUNT SIX – JDS UNIPHASE'S INFRINGEMENT
OF THE '660 PATENT UNDER 35 U.S.C. § 271

70.     Graywire repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

71.     On information and belief, JDS Uniphase has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '660 Patent, all in violation of 35 U.S.C. §§ 271(a), (b), and/or (c).

72.     JDS Uniphase's acts of making, using, offering for sale, and selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '660 Patent have been without the permission, consent, authorization, or license of Graywire.

73.     As a result of JDS Uniphase's infringing acts, Graywire has been and continues to be damaged in its business and property, and thus Graywire is entitled to recover damages for JDS Uniphase's infringing acts, which in no event can be less than a reasonable royalty.

74.     On information and belief, JDS Uniphase's infringing acts are, have been, and continue to be willful, with knowledge of the '660 Patent, and in willful, wanton, and deliberate disregard thereof.

75.     As a result of JDS Uniphase's infringing acts, Graywire has been and continues to be irreparably injured unless and until JDS Uniphase's continuing acts are restrained and enjoined by this Court, and Graywire has no adequate remedy at law.

76.     Graywire is entitled to injunctive relief enjoining and restraining JDS Uniphase, its officers, agents, servants, and employees, acting jointly or severally, and all persons acting in concert with it, and each of them, from further

infringement, inducement of infringement, and/or contributory infringement of the '660 Patent.

### COUNT SEVEN – JDS UNIPHASE'S INFRINGEMENT OF THE '082 PATENT UNDER 35 U.S.C. § 271

77.     Graywire repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

78.     On information and belief, JDS Uniphase has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '082 Patent, all in violation of 35 U.S.C. §§ 271(a), (b), and/or (c).

79.     JDS Uniphase's acts of making, using, offering for sale, and selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '082 Patent have been without the permission, consent, authorization, or license of Graywire.

80.     As a result of JDS Uniphase's infringing acts, Graywire has been and continues to be damaged in its business and property, and thus Graywire is entitled to recover damages for JDS Uniphase's infringing acts, which in no event can be less than a reasonable royalty.

-18-

81. On information and belief, JDS Uniphase's infringing acts are, have been, and continue to be willful, with knowledge of the '082 Patent, and in willful, wanton, and deliberate disregard thereof.

82. As a result of JDS Uniphase's infringing acts, Graywire has been and continues to be irreparably injured unless and until JDS Uniphase's continuing acts are restrained and enjoined by this Court, and Graywire has no adequate remedy at law.

83. Graywire is entitled to injunctive relief enjoining and restraining JDS Uniphase, its officers, agents, servants, and employees, acting jointly or severally, and all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '082 Patent.

## PRAYERS FOR RELIEF

WHEREFORE, Graywire respectfully prays for entry of a judgment as follows:

A. Finding that Ciena has infringed, induced infringement of, and/or contributorily infringed one or more claims of the '673 Patent, all in violation of 35 U.S.C. § 271;

B.     Permanently enjoining Ciena, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing, inducing the infringement of, and contributorily infringing the '673 Patent;

C.     Awarding Graywire damages for Ciena's infringement, inducement of infringement, and/or contributory infringement of the '673 Patent;

D.     Finding that Ciena's infringement, inducement of infringement, and/or contributory infringement of the '673 Patent has been knowing and willful;

E.     Finding that JDS Uniphase has infringed, induced infringement of, and/or contributorily infringed one or more claims of the '673 Patent, all in violation of 35 U.S.C. § 271;

F.     Permanently enjoining JDS Uniphase, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing, inducing the infringement of, and contributorily infringing the '673 Patent;

G.     Awarding Graywire damages for JDS Uniphase's infringement, inducement of infringement, and/or contributory infringement of the '673 Patent;

-20-

H.    Finding that JDS Uniphase's infringement, inducement of

infringement, and/or contributory infringement of the '673 Patent has been

knowing and willful;

I.    Finding that Newport has infringed, induced infringement of, and/or

contributorily infringed one or more claims of the '673 Patent, all in violation of 35

U.S.C. § 271;

J.    Permanently enjoining Newport, its officers, agents, servants,

representatives, and employees, and all persons acting in concert with them, and

each of them, from infringing, inducing the infringement of, and contributorily

infringing the '673 Patent;

K.    Awarding Graywire damages for Newport's infringement, inducement

of infringement, and/or contributory infringement of the '673 Patent;

L.    Finding that Palomar has infringed, induced infringement of, and/or

contributorily infringed one or more claims of the '673 Patent, all in violation of 35

U.S.C. § 271;

M.    Permanently enjoining Palomar, its officers, agents, servants,

representatives, and employees, and all persons acting in concert with them, and

each of them, from infringing, inducing the infringement of, and contributorily

infringing the '673 Patent;

-21-

N.     Awarding Graywire damages for Palomar's infringement, inducement of infringement, and/or contributory infringement of the '673 Patent;

O.     Finding that Cisco has infringed, induced infringement of, and/or contributorily infringed one or more claims of the '660 Patent, all in violation of 35 U.S.C. § 271;

P.     Permanently enjoining Cisco, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing, inducing the infringement of, and contributorily infringing the '660 Patent;

Q.     Awarding Graywire damages for Cisco's infringement, inducement of infringement, and/or contributory infringement of the '660 Patent;

R.     Finding that Cisco's infringement, inducement of infringement, and/or contributory infringement of the '660 Patent has been knowing and willful;

S.     Finding that JDS Uniphase has infringed, induced infringement of, and/or contributorily infringed one or more claims of the '660 Patent, all in violation of 35 U.S.C. § 271;

T.     Permanently enjoining JDS Uniphase, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and

each of them, from infringing, inducing the infringement of, and contributorily infringing the '660 Patent;

U.    Awarding Graywire damages for JDS Uniphase's infringement, inducement of infringement, and/or contributory infringement of the '660 Patent;

V.    Finding that JDS Uniphase's infringement, inducement of infringement, and/or contributory infringement of the '660 Patent has been knowing and willful;

W.    Finding that JDS Uniphase has infringed, induced infringement of, and/or contributorily infringed one or more claims of the '082 Patent, all in violation of 35 U.S.C. § 271;

X.    Permanently enjoining JDS Uniphase, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing, inducing the infringement of, and contributorily infringing the '082 Patent;

Y.    Awarding Graywire damages for JDS Uniphase's infringement, inducement of infringement, and/or contributory infringement of the '082 Patent;

Z.    Finding that JDS Uniphase's infringement, inducement of infringement, and/or contributory infringement of the '082 Patent has been knowing and willful;

-23-

AA.   Increasing damages awarded to Graywire in this case to three times the damages amount found by the jury or assessed by the Court pursuant to 35 U.S.C. § 284;

BB.   Declaring this case to be an exceptional case and awarding Graywire its attorneys' fees pursuant to 35 U.S.C. § 285;

CC.   Awarding Graywire costs and prejudgment interest pursuant to 35 U.S.C. § 284; and

DD.   Granting Graywire such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Graywire hereby demands a trial by jury on all issues in this action that are so triable as a matter of right and law.

Respectfully submitted, this 29th day of May, 2008.

KING & SPALDING LLP

Courtland L. Reichman
  (Ga. Bar. No. 599894)
A. Shane Nichols
  (Ga. Bar. No. 542654)
Natasha H. Moffitt
  (Ga. Bar. No. 367468)
James J. Mayberry
  (Ga. Bar. No. 479158)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:   (404) 572-4600
Facsimile:   (404) 572-5134

Attorneys for Plaintiff
GRAYWIRE, LLC